## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUETA EDWARDS-CANTREL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> STANDARD FIRE INSURANCE CO., a foreign insurance company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-13-1185-M <br><br> **JURY TRIAL DEMANDED** <br> **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

COMES NOW plaintiff, JACQUETA EDWARDS-CANTREL ("**Plaintiff**"), by and through her attorneys of record, BROWN & GOULD, PLLC, and for her cause of action against defendant, The Standard Fire Insurance Co. ("**Standard**"), states as follows:

## I.
## PARTIES

1. Plaintiff is, and at all relevant times was, an individual and a resident of Logan County, Guthrie, Oklahoma.

2. Standard is a foreign insurance company authorized to do business in the State of Oklahoma that may be served with process by and through its mandatory designated agent pursuant to OKLA. STAT. tit. 36, §§ 621-622, John Doak, Oklahoma Insurance Commissioner, Oklahoma Insurance Department, Five Corporate Plaza, 3625 N.W. 56th Street, Suite 100, Oklahoma City, Oklahoma 73112-4511.

## II.
## JURISDICTION AND VENUE

3. This Court has general and original jurisdiction over Plaintiff's claims for breach of contract and bad faith.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. First, there is complete diversity of citizenship between Plaintiff and Standard. Plaintiff is a citizen of the State of Oklahoma. Standard is a foreign corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. Second, Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. Thus, all jurisdictional requirements set forth in 28 U.S.C. § 1332 are met.

5. All conditions precedent to instituting this action have occurred, been performed, were waived, or have otherwise been satisfied.

## III.
## STATEMENT OF FACTS

Plaintiff incorporates all of her prior allegations by reference.

6. Standard is in the business of selling homeowners insurance to residents of the State of Oklahoma.

7. Standard sold Plaintiff an insurance policy bearing policy number 980643772-633-1, effective, maintained, and continued since 2006, (the "**Policy**") for purposes of insuring Plaintiff's residence located in Guthrie, Oklahoma (the "**Plaintiff's Home**").

8. Pursuant to the terms of the Policy, Standard promised to insure Plaintiff's Home for risk of direct physical loss, excepting losses specifically excluded by one of the Policy's exclusions.

9. On May 29, 2012, during the coverage period, the Plaintiff's Home sustained a direct physical loss caused by a hailstorm.

10. The loss to the Plaintiff's Home is not a loss excluded by any policy exclusion.

11. Plaintiff thereafter submitted a proof of loss to Standard and demanded coverage under the terms and conditions of the Policy.

## IV.
## THEORIES OF RECOVERY

### A.
### FIRST CLAIM
### BREACH OF CONTRACT

Plaintiff incorporates all of her prior allegations by reference.

12. Standard has arbitrarily and capriciously breached the insurance contract by failing and refusing to make full payment of insurance coverage to Plaintiff even though the loss to the Plaintiff's Home was clearly covered under the terms and conditions of the Policy.

13. As a result of Standard's breach of the insurance contract, Plaintiff has sustained damage and other loss in an amount greater than $75,000.

WHEREFORE, Plaintiff prays for judgment against Standard on her First Claim for the following relief:

    a.    Compensatory damages against Standard an amount greater than $75,000, including but not limited to, unpaid benefits and contractual interest on benefits owed;

    b.    Prejudgment and post judgment interest;

    c.    Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

    d.    Such other and further relief as the Court deems appropriate under the circumstances presented.

## B.
## SECOND CLAIM
## BAD FAITH

Plaintiff incorporates all prior allegations here by reference.

14.    Standard knowingly and intentionally handled the Plaintiff's insurance claim as a matter of routine business practice in handling like claims under like policies.

15.    Standard breached its duty to deal fairly and act in good faith towards Plaintiff by:

    a.    refusing and delaying payment and other policy benefits owed to Plaintiff at a time when Standard knew that Plaintiff was entitled to those benefits;

    b.    failing to properly investigate Plaintiff's claim and to obtain additional information both in connection with the original refusal and delay and following the receipt of additional information;

    c.    withholding payment of the benefits even though Standard knew Plaintiff's claim for those benefits were valid;

    d.    refusing to honor Plaintiff's claim for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

    e.    refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the Policy;

    f.    refusing to honor Plaintiff's claim by knowingly misconstruing and misapplying provisions, terms and/or definitions of the subject policies;

    g.    failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the Policy, to include Plaintiff's claim;

    h.    not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

    i.    forcing Plaintiff, pursuant to Standard's claims practice, to retain counsel in order to secure benefits Standard knew were payable; and

    j.    failing to properly evaluate any investigation that was performed.

16.    As a proximate result of Standard's breach of its duty of good faith and fair dealing, Plaintiff has suffered aggregate damages and other losses an amount greater than $75,000, in the form of policy coverage, mental and emotional distress, financial hardship, attorney expenses and other damages.

17.    Standard has acted intentionally and with malice towards Plaintiff and has been guilty of reckless disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for the following relief against Standard:

    a.    Compensatory damages against Standard in an amount greater than $75,000, including but not limited to unpaid benefits and contractual interest on benefits owed;

    b.    Punitive damages;

    c.    Prejudgment and post-judgment interest on all damages;

    d.    Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

e. All further relief as the Court deems appropriate under the circumstances presented.

## V.
## **PRAYER**

WHEREFORE, Plaintiff prays that she be awarded actual and compensatory damage herein together with costs, pre- and post-judgment interest, punitive damages, and attorney's fees, costs, and any other relief as may be appropriate.

Respectfully submitted,

s/Tony Gould
Tony Gould, OBA# 18564
**BROWN & GOULD, PLLC**
136 N.W. 10th Street, Suite 200
Oklahoma City, Oklahoma 73103
Telephone:   (405) 235-4500
Facsimile:   (405) 235-4507
Email: tgould@browngouldlaw.com
*Attorney for Plaintiff,*
*Jacqueta Edwards-Cantrel*